# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 09-647 |
| | : | |
| JORGE RENTAS | : | |
| | : | |

**ROBERT F. KELLY, Sr. J.**                                             **SEPTEMBER 4, 2013**

## MEMORANDUM

Presently before the Court is the pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) filed by Jorge Rentas ("Rentas"), and the Government's Response in Opposition. For the reasons stated below, Rentas' Motion will be denied.

**I.     BACKGROUND**

On September 30, 2009, Rentas was charged in a two-count indictment with one count of distribution of approximately 56 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One), and one count of distribution of approximately 52.6 grams of cocaine base ("crack") (Count Two). (Govt.'s Resp. at 2.) On April 9, 2010, the Government filed an information pursuant to 21 U.S.C. § 851(a) describing Rentas' four prior felony drug convictions. (Id.) As a result, Rentas faced a statutory mandatory minimum sentence of life imprisonment for the crack offense. (Id. at 2-3.)

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties entered into a guilty plea agreement. (Id. at 3 (citing PSR ¶ 6).) In the agreement, Rentas agreed to plead guilty to a three-count superceding information charging him with one count of distribution of cocaine, and two separate counts of distribution of five grams or more of crack. (Id.) The parties agreed

that Rentas should be sentenced to 120 months in prison, which was based upon the applicable
mandatory minimum sentence for the two crack offenses and the enhancement provisions based
on criminal history. (Id.) Rentas stipulated that his crack offense involved 52.6 grams of crack.
(Id.) The agreement set forth that if the district court rejected the plea, the plea would
automatically convert to a plea pursuant to Rule 11(c)(1)(B), and the 120 month term would be
the joint recommendation of the parties. (Id.)

On June 28, 2010, Rentas pled guilty pursuant to the plea agreement. (Id. (citing PSR
¶ 4).) The district court reserved its decision on whether to accept the agreement under Rule
11(c)(1)(C). (Id.)

On August 3, 2010 - after Rentas' guilty plea, but before his sentencing - Congress
enacted the Fair Sentencing Act of 2010, Fair Sentencing Act of 2010, Pub. L. No. 111–220, § 2,
124 Stat. 2372, 2372 (2010) ("FSA"). "Congress described the FSA as an Act to restore fairness
to Federal cocaine sentencing." United States v. Dixon, 648 F.3d 195, 197 (3d Cir. 2011). "The
FSA reduced the crack/powder ratio to approximately 18:1." Id. "According to the Act, the five-
year mandatory minimum penalty for possessing crack cocaine is not triggered until a person
possesses twenty-eight grams and the ten-year mandatory minimum penalty for possessing crack
cocaine is not triggered until a person possesses 280 grams (the triggers for powder cocaine
remain 500 grams and 5,000 grams, respectively)."[1] Id. Relevant to our analysis, the FSA
"amended the minimum amount of crack cocaine necessary to trigger the five-year mandatory

---

[1] "The act also authorized the United States Sentencing Commission to make conforming amendments to the Sentencing Guidelines, see Fair Sentencing Act § 8, 124 Stat. at 2374, which the Sentencing Commission did." United States v. Burton, No. 03-85, 2012 WL 2919953, at *1 (E.D. Pa. July 17, 2012). "Effective November 1, 2010, the Sentencing Commission revised the drug-quantity tables to be consistent with the amended statutory penalties in the Fair Sentencing Act." Id. (citing U.S.S.G. app. C, amend. 748). "The Sentencing Commission later made this amendment retroactive effective November 1, 2011." Id. (citing U.S.S.G. app. C, amends. 750, 759).

2

minimum prison term from five grams to twenty eight grams." United States v. Curry, 488 F. App'x 616, 618 (3d Cir. 2012). Under the Superceding Information in this case, Rentas did not face a mandatory minimum penalty under the FSA. (Govt.'s Resp. at 4.)

As reflected in the Revised Presentence Report dated December 20, 2011, the amendment to the guidelines reduced Rentas' guideline range from 262 to 327 months to 188 to 235 months, and the FSA eliminated the mandatory minimum penalty. (Id. (citing Revised PSR ¶ 97).) At the sentencing hearing on March 30, 2012, this District Court imposed the agreed-upon sentence of 120 months.[2] (Id.) Rentas filed a notice of appeal. (Id.) The Government filed a motion to enforce the appellate waiver of the plea agreement, which was granted by the United States Court of Appeals for the Third Circuit on February 2, 2013. (Id.)

Rentas filed his pro se Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) on June 26, 2013.[3] (Doc. Nos. 40, 41.) The Government filed its Response in Opposition on August 14, 2013. (Doc. No. 42.)

## II. DISCUSSION

The Government argues that Rentas' Motion for relief under Section 3582(c)(2) must be denied because the amended guideline was applied at Rentas' sentencing and, therefore, he is not entitled to any reduction in his sentence. (Id. at 5.) Rentas was sentenced on March 30, 2012, which is subsequent to the effective date of the FSA and the implementation of the accompanying guideline amendment. (Id.) Thus, Rentas was sentenced after the FSA had been

---

[2] Additionally, Rentas was sentenced to a six-year period of supervised release, and a special assessment of $300.00 and a fine of $1,000.00 were imposed. (See Judgment in Criminal Case No. 09-647-001.)

[3] "Our obligation to construe a pro se litigant's pleadings liberally is well established." United States v. McKeithan, No. 12-2919, 2013 WL 1749444, at *2 n.3 (3d Cir. Apr. 23, 2013) (citing Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011)).

enacted and the amended guideline was applied at his sentencing. (Id.)

We find that Rentas is not entitled to a reduction in his sentence. As a general rule, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Under 18 U.S.C. § 3582(c)(2), a district court "may reduce the term of imprisonment" of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "[A] defendant is not eligible for a § 3582(c)(2) sentence reduction if the relevant Guidelines Amendment does not have the effect of lowering that defendant's applicable Guidelines range." United States v. Easter, 502 F. App'x. 152, 155 (3d Cir. 2012); see also United States v. Green, 514 F. App'x 163, 165 (3d Cir. 2013) ("[R]elief under § 3582(c)(2) is limited to aspects of [Petitioner's] sentence affected by a change to the Sentencing Guidelines.") Thus, Rentas is not eligible for a reduction in his sentence unless his applicable guideline range would be lowered because of the FSA amendments to the Sentencing Guidelines.

Here, Rentas was sentenced after the enactment of the FSA and the amended statutory penalties were applied at his sentencing. The Government also points out that "the crack guidelines were amended prior to Rentas' sentencing, and his guideline range, which was based on the career offender provision, was not lowered by the guidelines amendment." (Govt.'s Resp. at 5.) Thus, Rentas is statutorily ineligible for sentence reduction under 18 U.S.C. § 3582(c)(2) because he was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. See United States v. Moore, No. 05-101, 2013 WL 1821513, at * 2 (M.D. Pa. Apr. 30, 2013) ("[W]e cannot grant the section

3582(c)(2) motion because the amendment does not lower Defendant's applicable guideline range."). Consequently, Rentas' Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) is denied.[4]

An appropriate Order follows.

---

[4] We deny Rentas' request for an appointment of counsel and his Motion for Enlargement of Time to File a Response to the Government's Objection to § 3582(c)(2) Relief on the basis of futility since 18 U.S.C. § 3582(c)(2) is inapplicable.